## STATE OF FLORIDA v. RIKER
### Case No. 83-350 AC
Eleventh Judicial Circuit, Appellate Division, Dade County
July 16, 1984

### APPEARANCES OF COUNSEL
**Julie S. Thornton** for appellant.
**Jack Nageley** for appellee.
Before RIVKIND, BARAD, and NADLER, JJ.

### OPINION OF THE COURT

On June 1, 1983, the Appellee was arrested for driving under the influence of alcoholic beverages and was administered an intoxilyzer

breath test to determine his blood alcohol level. The instrument used to determine the alcohol content of Appellee's blood was previously inspected for accuracy and reproducibility on February 10, 1982. Appellee subsequently filed a motion to suppress the intoxilyzer results on the grounds that the intoxilyzer had not been inspected "annually" as required by the Department of Health and Rehabilitative Services Rule 10D-42.23, i.e., on or before February 10, 1983. After a hearing on this motion, the judge granted Appellee's motion to suppress. The State of Florida then instituted this Appeal.

That portion of HRS Rule 10D-42.23 with which this Appeal is concerned reads as follows:

. . . All such chemical test instruments or devices registered hereunder and allied equipment shall be checked *at least annually* for accuracy and reproducibility. (Court's emphasis).

The word "annually" in the above rule is not defined, however, we interpret "annually" to mean that the intoxilyzer must be inspected at least once anytime during each calendar year, and not within the year of each check.

Furthermore, a review of the record reveals no indication of any malfunction on June 1, 1983, when the test was administered to the Appellee.

Because we find the intoxilyzer satisfied the requirements of HRS Rule 10D-42.23, we need not reach the merits of Appellant's argument concerning "insubstantial differences" in testing procedure under Section 316.1932(1)(b)1.

Since we find the test result obtained on June 1, 1983, to be admissible as evidence to determine whether the Defendant was intoxicated while driving, the lower court erred in quashing evidence of the intoxilyzer results.

Reversed and remanded.

Barad, J., concurs. Nadler, J., dissents with opinion.

Nadler, J., dissenting:

Following the majority logic, consider the following hypothetical:

In January of year 1, the intoxilyzer is tested, in December of year 2 (23 months later), the device is re-tested and in January of year 3 (or 1 month thereafter), the instrument is checked once again. Though all of the above fulfills the requirements of the majority opinion, its logic is somewhat fragile calling for guidelines which remain unaddressed.

Because and by virtue of the possibility of substantial periods of time elapsing between tests, I would find the test results inadmissible.